Charles L. Robinson, CPA Legislative Auditor State Capitol Bldg., Room 172 Little Rock, AR 72201
Dear Mr. Robinson:
You have requested an opinion from this office regarding the following questions:
 (1) May a county treasurer or other officials of any political subdivision who invests public funds legally purchase a repurchase agreement from a bank that has pledged direct obligations of the United States of America or obligations the principle and interest of which are fully guaranteed by the United States of America to secure the repurchase agreement?
 (2) May a county treasurer or other officials of any political subdivision who invests public funds legally purchase a repurchase agreement from a savings and loan association that has pledged direct obligations of the United States of America or obligations the principle and interest on which are fully guaranteed by the United States of America to secure the repurchase agreement?
 (3) If the answer to Number 1 or 2 is "yes", what securities qualify as direct obligations of the United States of America and obligations the principle and interest on which are fully guaranteed by the United States of America?
 (4) If the Answer to Number 1 or 2 is "yes", must the county treasurer or other officials of any political subdivision who invest in a repurchase agreement perfect their security interest in the repurchase agreement perfect their security interest in the repurchase agreement for the investment to be legal?
 (5) Would the purchase of a repurchase agreement by a county treasurer or any officials of any political subdivision be considered a deposit of public funds in a financial institution or a purchase of securities.
 (6) In regard to county government, if a repurchase agreement is considered a purchase of securities with an agreement to resale to the financial institution, would the provisions of Ark. Stat. Ann. 17-304 — 17-309 (Repl. 1980) apply to resale of the securities by the county to the financial institution?
A threshold issue to the analysis necessary to respond to your request is, what a repurchase agreement? Our research has shown that there appears to be some controversy concerning the true nature of repurchase agreements. Are they a collateralized loan, a purchase of an obligation, or an agreement to purchase securities contemporaneous with an agreement to sell those securities to the original seller at a specific price. Case law is in conflict concerning the status of the repurchase (repo) agreements. Some courts have held that the purchase of repos are in fact collateralized loans while others have treated the purchase of repos as purchase and sales transactions, i.e. the buying and selling of securities. The specific nature of any repurchase agreement must be determined by a careful examination of the wording of the agreement itself. In determining the characterization of repos it is persuasive the examine Ark. Stat. Ann. 13-435. Though this statutory provision addresses permissible long term investments of state rather than county funds it is clear that the Legislature, in providing specific authority to purchase in the open market repurchase agreements, characterizes these agreements as the buying and selling of securities. Based upon that interpretation of the nature of repurchase agreements, the following is my response to the questions presented in your request:
 In response to your first question, the answer is yes. A county treasurer or other official of a political subdivision may invest public funds by the purchase of a repurchase agreement from a bank that has pledged direct obligations of the United States of America or obligations the principle and interest of which are full guaranteed by the United States of America.
In response to your second question, the answer is also yes, a county treasurer or other official of any political subdivision may invest public funds through the purchase of a repurchase agreement from a savings and loan association provided that the savings and loan association has secured the repurchase agreement with direct obligations of the United States of America or obligations the principle and interest of which are fully guaranteed by the United States of America.
In response to your third question, Ark. Stat. Ann. 13-902 provides the definition of bonds of the United States. A specific list of applicable obligations of the United States government may be requested from the Federal Reserve Bank in Little Rock.
In response to your fourth question, though it does not appear to be mandatory that repurchase agreements be perfected, in order to be legal investments, it should be noted that in the absence of a perfected security interest or actual possession of the securities purchased through the repo, that liability may exist as to the investing officer or Board under applicable Arkansas law. It is therefore suggested that, in accordance with sound investment practices, that perfection be made through actual possession or through the use of third party depositories.
In response to your fifth question, as previously discussed, the nature of the repurchase agreement is primarily determined by the terms of that agreement. However, within the terms as previously defined, a repurchase agreement would be the purchase of securities.
In response to your sixth, and final question, the law of contracts as defined by the provisions of the repurchase agreement, rather than the state statutes concerning sale of real or personal property by the counties, would appear to govern. This position is strengthened by review of Ark. Stat. Ann. 13-435 as an expression of the intent and understanding of the Legislature concerning the buying and selling of securities through repurchase agreements.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Kay J. Jackson Demailly.